```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSE ADAMS,                     :    CIVIL NO. 4:06-CV-00386
                                 :
         Petitioner              :    (Judge McClure)
     v.                          :
                                 :    (Magistrate Judge Smyser)
WARDEN RONNIE HOLT,              :
                                 :
         Respondent              :
```

**REPORT AND RECOMMENDATION**

On February 21, 2006, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 6, 2006, the petitioner filed a motion for summary judgment and a brief in support of that motion.

After the petitioner paid the filing fee in this case, by an order dated March 14, 2006, the respondent was ordered to show cause on or before April 4, 2006 why the petitioner should not be granted habeas corpus relief. The Order of March 14, 2006 also provided that the petitioner may file a reply to the respondents' response within ten days of the filing of the response.

On March 29, 2006, the respondents filed a brief in opposition to the petitioner's motion for summary judgment, and after requesting and receiving an extension of time, the respondents filed a response to the petition on April 10, 2006. The petitioner did not file a reply.

The petitioner pled guilty in the Superior Court of the District of Columbia to attempted possession with intent to distribute cocaine. *Doc. 15, Exhibit 4.* The petitioner was sentenced to a six month term of imprisonment and a three year term of supervised release. *Id.* The petitioner began service of his supervised release term on April 1, 2003 and was to remain on supervised release until March 31, 2006. *Doc. 15, Exhibit 5.*

On March 1, 2004, the petitioner was arrested by the District of Columbia Metropolitan Police for unauthorized use of a vehicle, theft and receiving stolen property. *See Doc. 15, Exhibit 6.* The petitioner was released as to those charges on his personal recognizance on March 11, 2004. *Id.* However, the petitioner was thereupon held in the custody of the D.C. Metropolitan Police Department on the basis of a fugitive warrant from Prince George's County, Maryland. *Doc. 15, Exhibit 10 at ¶5 and Exhibit 7 at p.4.*

On March 31, 2004, the Parole Commission issued a warrant charging the petitioner with violating the terms of his supervised release by failing to submit to drug testing, using dangerous and habit forming drugs, failing to report to his community supervision officer, and committing violations of the law (unauthorized use of a vehicle, theft and receiving stolen property). *Doc. 15, Exhibit 6.*

The petitioner was released by Prince George's County authorities, and on April 14, 2004, the petitioner was taken into custody on the warrant issued by the Parole Commission. *Doc. 15, Exhibit 7 at p.4.* A parole revocation hearing was held on May 27, 2004. *Doc. 15, Exhibit 7.* By a Notice of Action dated June 14, 2004, the Parole Commission revoked the petitioner's supervised release. *Doc. 15, Exhibit 8.* The Notice of Action provided that the petitioner shall serve a new term of imprisonment of 21 months and a new term of supervised release of 39 months following release from custody. *Id.*

With respect to the criminal charges filed against the petitioner on the basis of the incident(s) leading to his arrest on March 1, 2004, the petitioner pled guilty to unauthorized use of a vehicle and first degree theft. *Doc. 15, Exhibit 9.* On June 16, 2005, the petitioner was sentenced by the District of Columbia

Superior Court to 22 months imprisonment for unauthorized use of a vehicle and a concurrent sentence of 22 months for first degree theft. *Id.*  Those sentences were ordered to run consecutive to any other sentence of the petitioner. *Id.*

The Bureau of Prisons aggregated the petitioner's 21 month supervised release violation sentence and his 22 month sentence for unauthorized use of a vehicle and first degree theft. *Doc. 15, Exhibit 10 at ¶5.*  The petitioner is currently serving that aggregated 43 month sentence. *Id.*  The petitioner's sentence began on April 14, 2004, the date that the Supervised Release Violation Warrant was executed. *Id.*  The petitioner received credit toward his 43 month aggregate sentence for the time he was in custody from March 1, 2004 through March 11, 2004. *Id.*  The BOP calculates the petitioner's full term expiration date of his sentence to be November 2, 2007 and his projected release date to be August 11, 2007. *Id.*

The petition in this case is difficult to interpret.  The respondent construed the petition as raising two claims: 1) that the BOP failed to give the petitioner credit toward his sentence for the time he spent in custody in Prince George's County, Maryland on charges unrelated to his current sentence; and 2) that regulations of the Parole Commission require that it grant the

4

petitioner credit for the time he served on his new sentence.  In addition, by an Order dated May 26, 2006, we construed the petition as raising three additional claims: 1) that the Parole Commission denied the petitioner due process by incorrectly calculating his salient factor score; 2) that the Parole Commission denied the petitioner due process and violated its own regulations by failing to hold a timely probable cause hearing after the petitioner's arrest; and 3) that the parole commission violated the petitioner's due process rights by revoking his supervised release before the disposition of his new criminal charges in the District of Columbia Superior Court.  We ordered the respondent to file a supplemental response to the petition addressing the three additional claims set forth above.  We also indicated that the petitioner may file a reply within ten days after the respondent files his supplemental response.

On June 12, 2006, the respondent filed a supplemental response to the petition, and on June 15, 2006, the petitioner filed a reply.

The petitioner's first claim is that the BOP failed to give him credit toward his sentence for the time he spent in custody in Prince George's County, Maryland on charges unrelated to his current sentence.

5

District of Columbia Code § 24-221.03(a) provides:

(a) Every person shall be given credit on the maximum and minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

Since the time that the petitioner spent in custody in Prince Georges County is not related to the offenses for which he was sentenced, pursuant to D.C.Code § 24-221.03(a) the petitioner is not entitled to credit toward his sentence for that time. Accordingly, it will be recommended that the habeas petition be denied with respect to the claim that the BOP failed to properly credit his sentence.

The remaining claims of the petitioner relate to actions taken by the United States Parole Commission. The respondent asserts that the petitioner failed to exhaust administrative remedies with respect to those claims.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies

6

before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). However, exhaustion of administrative remedies is not required where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gonzalez v. Perrill*, 919 F.2d 1, 2 (2d Cir. 1990); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring)(exhaustion is not required when petitioner demonstrates that exhaustion is futile).

The respondent asserts that the petitioner failed to exhaustion administrative remedies because he did not administratively appeal the decision to revoke his supervised release pursuant to 28 C.F.R. § 2.220. The petitioner in his reply does not assert that he administratively appealed the decision to revoke his supervised release or otherwise exhausted administrative remedies. Therefore, we conclude that the

7

petitioner has failed to exhaust administrative remedies with respect to his claims relating to the actions of the Parole Commission.  Accordingly, it will be recommended that those claims be dismissed.

Based on the foregoing, it is recommended that the petitioner's claim that the BOP failed to properly credit his sentence be denied and that the petitioner's claims relating to the actions of the Parole Commission be dismissed.  It is further recommended that the petitioner's motion for summary judgment be denied and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:  July 7, 2006.